UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY DANIELE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14CV2100 HEA |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION, MEMORANDUM AND ORDER

Before the Court is petitioner's motion for relief from judgment. The motion will be denied.

Petitioner filed the instant application for writ of error coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651[1], brought to vacate petitioner's 1988 conviction and sentence, on December 23, 2014. On March 17, 2015, the Court denied petitioner's application, without prejudice. The Court then transferred the application to the Eighth Circuit Court of Appeals, under 28 U.S.C. § 1631.

The Court has reviewed petitioner's arguments for relief from judgment and does not find them persuasive. The Court found that petitioner had abused the writ process and brought a second or successive collateral attack on his conviction because all of the purported "evidence" that petitioner used in his brief to bolster his claims for relief, was known to him at the time he brought his prior petition for writ of error coram nobis before this Court. Quite simply, under Eighth Circuit precedence, this is undoubtedly an abuse of the writ, or a second or successive collateral attack on his conviction. *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-

---

[1] As coram nobis relief is "substantially equivalent" to habeas corpus relief under 28 U.S.C. § 2255, *see United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-73 (8th Cir. 1996), the Court reviewed the case pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

73 (8th Cir. 1996); *United States v. Shoupe*, 299 Fed.Appx 610, 2008 WL 4899348, *2 (2008); *Azzone v. United States*, 341 F.2d 417, 418-19 (8th Cir. 1965); *Katz v. United States*, 494 Fed. Appx. 679, 2012 WL 5974456 (8th Cir. Nov. 30, 2012).

As to whether it was necessary to transfer this action to the United States Court of Appeals, or simply deny and dismiss the case outright, the procedural juxtaposition is truly irrelevant as this question. Either way, petitioner's application for writ would be denied by this Court, as it should. And the Court stands by that ruling.

However, as the Court reads precedent in the Eighth Circuit, and not the different Circuit Courts cited to in petitioner's brief, the proper course of action on a second or successive collateral attack on a conviction in the Eighth Circuit is to either deny and dismiss a petition outright or transfer the petition to the Court of Appeals. This Court will continue to follow such precedence.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 26th day of March, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE