UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY DANIELE, )
    Petitioner, )
     )
vs. ) Case No: 4:14CV2100 HEA
     )
UNITED STATES OF AMERICA, )
     )
    Respondent. )

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's second Amended Petition for Writ of Error Coram Nobis [Doc. No. 6] pursuant to the All Writs Act, 28 U.S.C. § 1651.[1] Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 22], to which Petitioner filed a Reply [Doc. No. 29]. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the second Amended Petition will be dismissed.

## **Background**

In 1988, a jury convicted Petitioner of ten counts of mail fraud, one count of conspiracy, and four counts of extortion or attempted extortion stemming from

---

[1] A writ of error coram nobis affords the same general relief as a writ of habeas corpus. However, it is not intended to be a substitute for an appeal or for proceedings brought pursuant to section 2255, and it is only available when the applicant is not in custody. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979); *Azzone v. United States*, 341 F.2d 417, 419 (8th Cir. 1965) (per curiam).

Petitioner's activities as the Chairman of the St. Louis Police Department Pension System ("Pension Fund") between 1985 and 1987.  Petitioner's convictions arose out of a scheme to direct the brokerage of the Pension Fund in return for unlawful kickbacks.  Donald Anton orchestrated the scheme from 1982 until 1987.  The government did not allege that Petitioner received money from the scheme, rather his motive was political support for a promotion within the police department.  Petitioner was sentenced to eight years imprisonment and ordered to pay $200,000 in restitution.  All co-defendants pleaded guilty to the charges against them.

Petitioner raised several points on direct appeal.  *United States v. Daniele*, 886 F.2d 1046 (8th Cir. 1989).  *Inter alia*, Petitioner contended that the district court erred in excluding as inadmissible hearsay the testimony of Louis Bliele, the Pension Fund's Secretary, as well as a videotape of a Board meeting.  He also argued that the evidence at trial was insufficient to support his conviction.

Petitioner claimed that Bliele would have testified to a prior inconsistent statement of James Bridges, a government witness.  Bridges was a money manager whose firm was terminated by the Pension Fund Board on Petitioner's motion.  At trial, Bridges testified that he learned of the termination only after he had executed trades for the Pension Fund that generated a $90,000 commission on the morning of June 28, 1986, and that Petitioner had orally authorized those trades on June 26.  In a letter to the SEC, however, Bliele wrote that Bridges had said that he (Bridges)

had been notified of the Pension Fund Board's termination decision on June 27, the night before the trades. Petitioner argued that Bliele's testimony was improperly excluded because it constituted a prior inconsistent statement. The Eighth Circuit agreed, but found that Petitioner was not prejudiced by the omission of Bliele's testimony. The Eighth Circuit found that Bliele's testimony would have contained the same information as Bliele's SEC letter, which Petitioner was allowed to use in cross-examination of Bridges.

The videotape captured a Pension Fund Board meeting at which Petitioner and the Board agreed to rescind their vote to hire an Anton-friendly brokerage firm and use competitive bidding instead. The minutes of that meeting were admitted into evidence at the trial. The Eighth Circuit found no reversible error, ruling that Petitioner's counsel did not cite any rule of evidence at trial to support admission of the videotape, and that the trial court could have exercised its broad discretion in admitting evidence to exclude the videotape as cumulative.

As to the sufficiency of the evidence to support his conviction, Petitioner claimed that he had no knowledge of the nature and scope of the conspiracy and no specific intent to defraud. The Eighth Circuit acknowledged that there was evidence that supported Petitioner's position, and that the evidence against him was not overwhelming. Nevertheless, the Eighth Circuit found that the evidence was such that the jury could reasonably conclude that Petitioner had knowledge of

the scheme, acted for Anton, and directed brokerage himself. Petitioner's direct appeal resulted in affirmance of the district court judgment.

After Petitioner's criminal trial, the Police Retirement System of St. Louis had also filed a civil suit against Petitioner and others for mismanaging the pension funds. *Police Retirement Sys. v. Midwest Inv. Advisory Servs.*, No. 87-2076 (E.D.Mo. 1989). Anton represented himself in the civil trial. During his closing argument, he stated that there were never any agreements between him and Petitioner, he recommended Petitioner for promotion because of Petitioner's qualifications, and "[i]n my opinion, he should not be liable in this case; and he should not even have been sued in this case." *United States v. Daniele*, 931 F.2d 486, 488 (8th Cir. 1991). The civil jury's verdict absolved Petitioner of liability for losses to the Pension Fund.

Upon obtaining the favorable civil verdict, Petitioner moved for a new criminal trial based on newly discovered evidence, and also moved for a reduction in sentence. The district court denied Petitioner's new trial motion, but granted a one year reduction in sentence and reduced Petitioner's liability for restitution from $200,000 to $133,000.

Petitioner appealed the district court's resentencing and denial of a new trial. *United States v. Daniele*, 931 F.2d 486, 488 (8th Cir. 1991). The Eighth Circuit affirmed the sentence but extinguished Petitioner's obligation to make restitution

to the Pension Fund. The Eighth Circuit also rejected Petitioner's argument that the statements made in Anton's closing argument at the civil trial were newly discovered evidence, finding instead that those statements were "purely legal arguments based on the evidence at trial." *Id.* at 489. Regarding the remainder of Petitioner's "new" evidence claims, the Eighth Circuit found that:

> much of the proffered "new" evidence was merely cumulative or impeaching. Additionally, Daniele failed to show that a reasonably diligent pretrial investigation would not have uncovered the evidence. Under these circumstances, we see no abuse of discretion in the district court's denial of Daniele's new trial motion.

*Id.* at 486 (citations omitted).

In 1995, Petitioner filed an application for writ of error coram nobis. Therein, Petitioner claimed that (1) juror misconduct fatally prejudiced his right to a fair trial, and (2) he was wrongfully denied the opportunity to compel Anton's exculpatory testimony. Petitioner's writ was denied by the district court, *Daniele v. United States*, 4:95CV1658 CEJ (E.D.Mo. 1998), a decision affirmed by the Eighth Circuit, *Daniele v. United States*, 198 F.3d 249 (8th Cir. 1999), *cert. denied* 120 S.Ct. 1559 (2000).

In the instant petition for writ of error coram nobis, his second, Petitioner claims that "although [Petitioner has] extensively litigated his conviction, the pieces of the puzzle leading to his wrongful conviction have never been completely

assembled to give this Court a true picture of his innocence." Those puzzle pieces, Petitioner contends, include:

- the exclusion of Louis Bliele's testimony that Bridges knew his firm had been terminated the night before he was officially notified, in conflict with his trial testimony;
- the exclusion of the videotape of the Board meeting, which showed that Petitioner voted for competitive bidding;
- Anton's statements in his closing argument in the civil trial, in which he stated that Petitioner was innocent; and
- the testimony of two experts at the civil trial who testified that Petitioner's actions were inconsistent behavior for someone who wanted to benefit from fraud.

Petitioner pleads that he continues to suffer legal consequences as a result of his felony conviction, including the inabilities to serve on a jury, possess a firearm, or obtain employment as a police officer.

## Discussion

"A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" *United States v. Camacho–Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346

U.S. 502, 511–12 (1954)). "Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted...and the movant must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." *Id*. (quotations and citations omitted); *see also Morgan*, 346 U.S. at 511 ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."). A petitioner must also provide sound reasons for his failure to seek appropriate earlier relief. *See Morgan*, 346 U.S. at 512; *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971). A writ of error coram nobis cannot be used to relitigate issues already reviewed during prior post-conviction proceedings. *See Willis v. United States*, 654 F.2d 23, 24 (8th Cir. 1981) (per curiam) (absent credible new evidence or subsequent change in law, coram nobis petitioner is not entitled to another review of issues previously litigated and fully explored in § 2255 proceedings).

The abuse-of-the-writ doctrine applies to claims not raised in prior writ applications, such as those brought in this petition. "[I]n general[, abuse-of-the-writ] prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). The doctrine "concentrate[s] on a petitioner's acts to determine

whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *Id*. The abuse-of-the-writ doctrine applies to coram nobis cases. *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-73 (8th Cir. 1996). In second or subsequent writ applications, the government bears the burden of pleading abuse of the writ. *McCleskey*, 499 U.S. at 467. "The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." *Id*.

Petitioner claims that the government did not raise abuse of the writ as a defense, thereby waiving it. This argument is not well taken. In its response to the show cause order, the government fully outlined Petitioner's prior writ application from 1995, alleged that none of the claims raised now appeared the first time, and alleged that Petitioner is not entitled to relief on those claims because they were not raised in his first writ application.

The Court finds that Petitioner's purported newly-raised claims are defaulted by his failure to raise them in his first coram nobis application. Plaintiff does not plead, nor can the Court discern, any legitimate excuse for this failure. The evidentiary issues from Petitioner's criminal trial were already appealed and decided when he filed his first writ application. The civil trial had long concluded. Petitioner was a party to the civil action and knew of Anton's closing statements

and the expert testimony. In fact, he raised Anton's closing arguments as an issue in his motion for a new trial. The disposition of that motion was affirmed by the Eighth Circuit in 1991, four years before Petitioner filed his first petition for writ of error coram nobis. In 1995, Petitioner knew of each and every issue he now raises. Because he failed to raise them then and provides no legitimate excuse for that failure, Petitioner's claims are barred by the doctrine of abuse-of-the-writ.

## Conclusion

Petitioner's claims are barred by the doctrine of abuse-of-the-writ. He is not entitled to the unique and extraordinary relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's second Amended Petition for Writ of Error Coram Nobis [Doc. No. 6] is **DENIED**, and that the claims are **DISMISSED** with prejudice.

A separate Order of Dismissal in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of March 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE