UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DANIELE, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No:  4:14CV2100 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motions for Error Coram Nobis [Doc. No.'s  43, 44, and 47].  The United States has responded to Document 43. For the reasons explained below, the "Motions" are denied.

On March 27, 2019, the Court denied Petitioner's Second Amended Petition for Writ of Coram Nobis.  A motion to reconsider was also denied.

Petitioner appealed the denial. On January 21, 2020, the Eighth Circuit Court of Appeals summarily affirmed this Court's Judgment.

Petitioner thereafter filed these Motions.  The motions raise identical issues and issues that could have been raised in the original Writ but were not.

### Discussion

As the Court discussed in its original denial of the writ, "[a] writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of

the most fundamental character.'"  *United States v. Camacho–Bordes*, 94 F.3d

1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511–

12 (1954)).  "Accordingly, a petitioner must show a compelling basis before coram

nobis relief will be granted...and the movant must articulate the fundamental errors

and compelling circumstances for relief in the application for coram nobis."  *Id.*

(quotations and citations omitted); *see also Morgan*, 346 U.S. at 511

("Continuation of litigation after final judgment and exhaustion or waiver of any

statutory right of review should be allowed through this extraordinary remedy only

under circumstances compelling such action to achieve justice.").  A petitioner

must also provide sound reasons for his failure to seek appropriate earlier relief.

*See Morgan*, 346 U.S. at 512; *McFadden v. United States*, 439 F.2d 285, 287 (8th

Cir. 1971).  A writ of error coram nobis cannot be used to relitigate issues already

reviewed during prior post-conviction proceedings.  *See Willis v. United States*,

654 F.2d 23, 24 (8th Cir. 1981) (per curiam) (absent credible new evidence or

subsequent change in law, coram nobis petitioner is not entitled to another review

of issues previously litigated and fully explored in § 2255 proceedings).

     The abuse-of-the-writ doctrine applies to claims not raised in prior writ

applications, such as those brought in this petition.  "[I]n general[, abuse-of-the-

writ] prohibits subsequent habeas consideration of claims not raised, and thus

defaulted, in the first federal habeas proceeding."  *McCleskey v. Zant*, 499 U.S.

467, 490 (1991).  The doctrine "concentrate[s] on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time."  *Id*.  The abuse-of-the-writ doctrine applies to coram nobis cases.  *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-73 (8th Cir. 1996).  The Government has raised the abuse of the writ in its response.

The Court has previously denied Petitioner's writ.  The Appellate Court summarily affirmed the denial. Petitioner cannot now continue to file the same motions over and over and over and over.  No further action will be taken by the Court in this regard.  Although Petitioner claims he will continue to file the same motion until he gets relief, Petitioner will not be allowed to thwart this Court's authority and is cautioned that failure to adhere to this Court's Orders may give rise to a finding of contempt.  This case is closed; there remains nothing to address. Petitioner shall not file additional motions for the same relief that has been denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions for Error Coram Nobis [Doc. No. 43, 44, and 47] are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner shall not file any other

motions for the relief sought in these motions.

Dated this 17th day of August, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE